## MOORE & AL.

*v.*

## PEIRCE, Commissioner.

(*Supreme Court of Appeals of Virginia, July 4, 1889.*)

[9 S. E. Rep. 1008.]

### Action on Rent Note—Plea in Abatement—Case at Bar.

In an action to subject the land of a debtor to the payment of a judgment, the land was rented by order of court to the debtor himself, and he executed to the commissioner five notes for the rent. Two of the notes were paid, and on default in the payment of the third proceedings were taken against the debtor and his sureties, which resulted in an order for the re-renting of the land for the term of one year, for enough to pay the amount due on the rent note. This judgment was suspended, but, instead of taking an appeal, the debtor obtained an injunction against the enforcement of the decree, and from the order dissolving the injunction, and from the order for re-renting, the debtor appealed. This appeal and supersedeas the debtor set up in a plea in abatement in an action against him on another of the rent notes: *held*, that it was proper to overrule the plea, and enter judgment "subject to the control of the court," in the action on the first note.

### Judgments—"Subject to Control of Court"—Writ of Error.

As the judgment was entered "subject to the control of the court" in the former action, there was no occasion for a writ of error.

*F. S. Blair*, for plaintiffs in error.

*D. S. Peirce, pro se.*

RICHARDSON, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Wythe county, rendered at the September term thereof,

1887, in an action at law wherein D. S. Peirce, commissioner, etc., was plaintiff, and R. R. Moore, Henry Simmerman, Samuel R. Sayers, and D. P. Graham and John W. Robinson, partners under the firm and style of Graham & Robinson, were defendants. The action was debt on a promissory note in writing, made by said defendants to said plaintiff on the 10th day of March, 1884, and payable to said plaintiff three years after the date thereof, for $1,400. In order to a proper understanding of the case, it will be necessary to refer briefly to two other suits, which have come to this court, and in which said R. R. Moore, as debtor, has been the principal actor :

(1) In November, 1883, Isaac J. Leftwich filed his bill in the circuit court of Wythe county against R. R. Moore, to enforce against the real estate of said Moore the lien of a judgment recovered against him by said Leftwich at the September term of said court, 1883, for $4,000, with interest at the rate of 12 per cent. per annum from the 11th day of September, 1871, till paid, and costs, which judgment was subject to certain credits therein specified. The bill charged that said Moore was seized in fee simple of several tracts of land in said county, all of which were liable to the lien of said judgment, and that the plaintiff had the right to enforce the same by a sale or renting of said real estate. With his bill the plaintiff filed copies of three deeds, marked, respectively, "B," "C," and "D," evidencing the title in fee held by said Moore to the lands therein described, and above referred to as subject to the lien of the plaintiff's said judgment ; and the bill alleged that the rents and profits of defendant's said land would not pay off said debt in five years ; and prayed for a sale of said land to satisfy said judgment, and for general relief. The defendant, R. R. Moore, answered the bill, admitting the recovery by the plaintiff of the judgment mentioned in said bill ; admitting that he is seized in fee of several tracts or parcels of land in

said county ; and says he is also seized of a life-estate in a very valuable tract in said county ; but he denies that the rents and profits of his freehold lands will not pay off plaintiff's judgment in five years, but, on the contrary, he alleges that the rents and profits will pay off said judgment in five years ; and asks that his lands be rented to pay it, and that, if necessary, an account be ordered and taken to show the real estate owned by him, and the rental value thereof. Such proceedings were had that at the December term of said court, 1883, a decree was rendered in the cause in favor of the plaintiff against the defendant for $4,000, the amount of said judgment, with interest at the rate of 12 per cent. per annum from the 11th day of September, 1871, till paid, and $11.36 costs, subject to certain credits therein specified, and further decreeing that the plaintiff was entitled to enforce said judgment against the real estate of the defendant mentioned in the bill ; and that D. S. Peirce, who was thereby appointed a commissioner for the purpose, proceed to rent the real estate of the defendant, or so much thereof as might be necessary, for the period of five years, commencing on the day of renting, at public auction, etc., to pay said judgment and the costs of suit, unless the defendant, or some one for him, should, within 30 days from the date of the decree, pay off the said judgment and costs. The commissioner proceeded to execute the decree, and the defendant became the renter of his own land for the period of five years from the 10th day of March, 1884 ; and in obedience to the decree said commissioner took from the renter (the defendant) his five promissory notes, each for $1,400, and each dated March 10, 1884, and payable to said commissioner, respectively, in one, two, three, four, and five years,—they being for the deferred payments, and without interests,—with Henry Simmerman, S. R. Sayers, and Graham & Robinson as sureties, which notes amounted to a sum sufficient to discharge said decree. On the said 10th day of

March, 1884, the date of said rent notes, R. R. Moore, the principal in said notes, conveyed to James A. Walker, trustee, his three tracts of land owned in fee, and of which he had that day become the renter, and executed the notes aforesaid, with sureties, in trust to secure—First, his sureties in said notes; and, second, to secure the same persons as his indorsers on a note for $5,000, dated 20th of February, 1884, and payable at the Farmers' Bank of South-West Virginia; and also to secure S. R. Sayers in the sum of $350, borrowed money.

Commissioner Peirce having reported the rental of the land as required by the previous decree of December, 1883, at the December term, 1884, the following decree was entered in the cause: "This cause coming on to be heard upon the papers formerly read therein, and upon the report of Commissioner D. S. Peirce, and it appearing from said report that the said commissioner has rented the land of the defendant for the period of five years, from the 10th day of March, 1884, and that he has taken 5 promissory notes, payable 1, 2, 3, 4, and 5 years, respectively, from that date, without interest, and that said R. R. Moore became the renter of his said lands, and that the notes were signed by said Moore, S. R. Sayers, Henry Simmerman, and Graham & Robinson, as sureties, and were for the sum of $1,400 each, and that they are sufficient to discharge and pay off the decree of the complainant against the defendant, it is adjudged, ordered, and decreed that said rental be confirmed, and that the said D. S. Peirce shall proceed as receiver to collect said notes when they mature, and pay over the proceeds of the same to the complainant, and report his proceeding to this court from time to time, and he is hereby required to execute his bond in the penalty of $15,000 for the faithful discharge of his duties as such receiver; and the cause is continued."

R. R. Moore paid the first two notes, but made default in

payment of the third, that falling due in March, 1887. These facts were reported by the receiver to the court, and at the May term, 1887, the following decree was entered in the cause :   "This cause came on this day to be heard upon a report of Commissioner D. S. Peirce, filed this day, and it appearing from said report that the rent note executed by R. R. Moore and his sureties, which was due on the 10th day of March, 1887, has not been paid.   A rule is awarded, on the motion of the complainant, against R. R. Moore, D. P. Graham and John W. Robinson, partners under the firm and style of Graham & Robinson, Henry Simmerman, and S. R. Sayers, to show cause, if any they can, why a decree should not be entered directing Commissioner Peirce to re-rent the land of said R. R. Moore, for cash enough to pay off the note for $1,400, which is due and unpaid, and in default of rental to sell the same.   The rule issued accordingly, and was duly served.   In answer to the rule, R. R. Moore says : "There is now pending in the supreme court of appeals of Virginia a chancery cause of R. R. Moore, Complainant or Appellee, v. G. S. Bruce et al., on an appeal from this court, in which the very debt named in said rule is involved ; it being embraced in the amount of liens on respondent's real estate now sought to be rented or sold, taken in this cause, and said debt of I. J. Leftwich, and the very real estate sought to be rented or sold is embraced in said account, and in said suit in court of appeals ; and D. S. Peirce, commissioner, and I. J. Leftwich, are parties, appellees, to said suit, and a supersedeas has been executed upon them, and they, each and both, jointly are guilty of a contempt of said process of court of appeals, if they persist in enforcing said Leftwich debt in this court pending said appeal and supersedeas ; and having answered," etc.

The rule having been answered at the same term (March, 1887), this cause of Leftwich v. Moore was brought on to be

heard with the said cause of Bruce v. Moore, referred to in the answer to said rule, upon the papers formerly read in the first-named cause ; the report of Commissoner Peirce filed at that term ; the rule awarded therein, duly served, upon the rent-bond ; and upon the exhibits filed with the petition for said rule ; and upon the answer of the defendant, R. R. Moore, to said rule ; and the record of the court of appeals in the first-named cause; and the replication by said complainant to said answer, with the exhibits filed therewith ; and was argued by counsel,—when a decree was entered in said two causes, in which we find this language : "Upon consideration whereof the court is of opinion that none of the land of defendant, Moore, embraced in the supersedeas of the court of appeals, granted in said second-named cause, has been rented in the first-named cause, or is sought to be rented under the rule aforesaid, doth adjudge, order, and decree that the commissioner, D. S. Peirce, who was duly appointed in said first-named cause, do re-rent the land of said defendant, of which he is seised in fee, and which was rented by a former decree in said first-mentioned cause, for a period of one year, for enough cash to pay off the balance due on the rent-bond due on the 10th March, 1887, unless," etc. And the decree then recites that, it having been reported to the court in the last-mentioned cause, that James A. Walker, trustee of R. R. Moore, in a deed of trust therein set forth, had in his hands $450, belonging to the trust fund, it was further adjudged, ordered, and decreed in said last-named cause that said trustee pay over this sum to D. S. Peirce, commissioner, and that said commissioner enter a credit therefor upon the rent note aforesaid, as of the date of said decree. On the motion of the defendant, Moore, the execution of this decree was suspended upon the usual terms. But instead of appealing from this decree, as was indicated by said suspension order, the defendant, Moore, after waiting until the commission was proceeding to exe-

cute the same, filed an elaborate injunction bill.  In the bill, after setting forth the facts connected with the debt due from him to Leftwich, and the litigation resulting in the renting of the said lands ; and the execution of said five notes for the rent for the period of five years, as aforesaid ; the number and amount of payments made by him to Leftwich on said $4,000, 12 per cent. debt, about which there is no controversy ; that he had paid off the first and second of said rent notes, and that he had paid $450 through James A. Walker on the third note,—that which fell due on 10th March, 1887, and the same for which the decree for re-renting aforesaid had been made ; that the remaining two rent notes remained unpaid, and would be enforced when due,—then assailed, in general and special terms, the whole transaction, especially the taking of said five rent notes, as usurious, and that the taking of said notes was a revocation of the contract between Leftwich and Moore, and disentitled the former to the 12 per cent. interest contended for, though the contract was lawful when made. And the bill sets forth various matters connected with, or sought to be connected with the Leftwich debt, which are of no importance, and need not be here referred to ; and then prays that the court will decree that said transaction was tainted with usury ; that said Leftwich can only recover the just principal of his debt without interest, and pay the costs ; and that he (Moore) may have set off against said principal the amount of the payments collected and credited on said usurious notes, and a decree for the excess, if any ; that said commissioner be enjoined from all further proceedings to sell or rent his real estate under said decree complained of, etc.; and for general relief.  The injunction was awarded as prayed for.

D. S. Peirce, commissioner, answered, explaining his connection as counsel for Leftwich, and as commissioner of the court, with the $4,000, 12 per cent. debt due by Moore

to Leftwich, and explaining that said Moore became the renter of his own land, mentioned in the bill of Leftwich against him, for the period of five years, and executed said five rent notes, with sureties as aforesaid ; that said notes were prepared by Moore's counsel, each note being for $1,400, and all amounting to the sum necessary to discharge the decree in favor of Leftwich against Moore ; and that the notes were hence taken without interest, and that the transaction was reported to and confirmed by the court. Leftwich also answered.

On the 10th day of June, 1887, the following decree in vacation was entered : "This cause came on to be heard in vacation upon motion of defendants to dissolve the injunction awarded in this cause on the 18th day of May, 1886 ; upon the bill of complaint ; the copy of the record of the chancery cause of I. J. Leftwich v. R. R. Moore, filed as an exhibit therewith ; the several answers of I. J. Leftwich and D. S. Peirce to said bill, with general replications thereto ; the notice of the motion to dissolve, which appears to have been duly executed ; and the arguments of counsel for the complainant and the defendant,—on consideration of all which it is adjudged, ordered, and decreed that said injunction be, and the same is hereby dissolved."

From this decree, and that of the March term, 1887, in said suit of Leftwich v. Moore, the two causes are here on appeal. Thus arose, in this court, the case of Moore v. Leftwich, which has been submitted, but not yet decided. See *post*, 1013.

(2) There is the case of Moore v. Bruce, which arose as follows : In April, 1886, and pending the said suit of Leftwich v. Moore in the circuit court, G. S. Bruce filed his bill in the circuit court of Wythe against said R. R. Moore, to enforce against the real estate of the latter two judgments theretofore recovered against him by said Bruce, one of which was recovered in said circuit court at

the September term thereof, 1885, and was for $1,678.63, with interest and costs, and the other recovered therein at the March term, 1886, for $636.65, with interest and costs.   The bill, after setting forth the said judgments, and charging that they are liens on the real estate of said Moore, proceeds to set forth his real estate as follows: A tract of 965½ acres on Reed creek in said county of Wythe, in which said Moore has a life-estate,—it being the same conveyed in a deed of gift dated 7th of August, 1877, from J. P. M. Simmerman and wife to said R. R. Moore and wife ; the bill alleging that the life-estate of said Moore in 160 acres of said tract had been conveyed by said Moore to his daughter, Mrs. Milo McBee, but that said Moore was still the owner of the life-estate in the residue of said tract ; and that his wife Mrs. Margaret Moore, had been dead for several years, and left several children by her said husband.   The bill then sets forth that the said R. R. Moore is the owner of several other tracts of land in said county, and describes them as the lands embraced in the trust-deed, before referred to, from said Moore to James A. Walker, trustee, a copy of which deed is exhibited with the bill, marked "D."   And the bill alleges that, as the complainant, Bruce, is informed, a considerable portion of the debts secured by said trust-deed have been paid off, so that to that extent the land is released of that incumbrance ; and, further, that the securities and indorsers sought to be saved harmless by said deed have not been called on to pay anything for said Moore.

Thus the complainant, Bruce, alleges in his bill that he is advised that there are no other liens prior to those of his said judgments, except those already provided for by the renting of said Moore's lands as aforesaid, and therefore he claims that he is entitled to subject to sale, for the satisfaction of his said two judgments, the life-estate of the said R. R. Moore in the 956½-acre tract, less the amount con-

veyed to Mrs. McBee, and also the fee-simple interest of said Moore in the other lands described and set out in the trust-deed aforesaid, subject to the lien of the said trust-deed. The bill then refers to the fact that certain lands of R. R. Moore had been rented out in the said suit of Left-wich v. Moore, and alleges that the rents and profits of said Moore's lands would not, therefore, be sufficient to pay off his (Bruce's) payments in five years. And the complainant, Bruce, waiving an answer on oath, prayed that R. R. Moore, James A. Walker, trustee, Henry Simmerman, S. R. Say-ers, D. P. Graham and John W. Robinson, partners under the firm and style of Graham & Robinson, be made parties defendant to the bill, and be required to answer same, and that an account be ordered and taken to show the liens upon the real estate of said Moore, and also the amount of real estate owned by him, and the present status of same, and that the same be decreed to be sold, or enough thereof, to pay off complainant's (Bruce's) said judgment liens, together with costs of suit, etc., and for general relief.

The defendant, R. R. Moore, demurred to and answered the bill of the complainant, Bruce, and in his answer says "that by a lease dated 8th August, 1885, a copy of which is herewith filed, marked 'A,' and prayed to be considered a part of this answer, your respondent rented all of his lands in the bill mentioned to J. A. Davis, upon the terms set forth in said written lease; that respondent at once delivered possession of all of his lands to said Davis, who has since that time used, occupied, and held the same, and now holds them, under his said lease; that the said contract at first applied to the east end of the pond field, but the privilege was given to said Davis to take all of respondent's land, and said Davis elected to do so, and by respondent's consent he took possession of all of the same, paying respondent according to said contract for the lands cultivated, and a fair rental for others." For this remarkable averment in the

answer of R. R. Moore he vouches the following very peculiar paper, which he exhibits with his answer, marked "A," and relies upon it alone to defeat the right of his acknowledged judgment creditor, Bruce, to proceed then to subject any portion of his (Moore's) lands to the satisfaction of said judgment liens. "I have this day swapped a black spotted yoke of oxen to Gus. Davis for a 4-year old gray mare. Davis gives me ($20) twenty dollars to boot, with the understanding that oxens is to doo said Moore's hauling from this till next spring," etc. "Said Davis has also rented the east end of Pond field to go in rye and wheat and corn, giving Moore one-third of the cropp. Davis to pay Moore part in granery," etc., "for him, with the refusal of what grounds said Davis may want, at reasonable terms," etc., "till end of Moore's rental, in 1889," etc. [Signed] "R. R. MOORE. J. A. DAVIS. 8th Aug., '85."

It is difficult to perceive how this contract about the exchange of the black spotted oxen for the gray mare, and the recital that the oxen were to continue to do Moore's hauling until the following spring, and that Davis had rented the east end of "Pond Field," to go in rye and wheat and corn, etc., could be tortured into a contract by which Moore leased all his real estate to Davis. There is not a word in the so-called "contract of lease" which even remotely indicates anything of the kind. As to the renting of the east end of "Pond Field," it would be impossible to tell what was referred to but for the words, "to go in rye, wheat, and corn." And if, therefore, it must be conceded that a portion of Moore's land was referred to by the words "Pond Field," we are left in the dark as to whether that field was a part of the tract aforesaid, in which he owned only a life-estate, or was part of one of the several tracts owned by him in fee. If the latter, then it is a matter wholly immaterial; for these lands had been rented out under a decree in said suit of Leftwich v. Moore, long prior to said pretended contract.

of lease ; and if any intelligent inference can be drawn from the closing words in said contract, "with the refusal of what grounds said Davis may want, at reasonable terms," etc., "till end of Moore's rental, in 1889," etc., it is that "Pond Field" is part of the land owned by Moore in fee ; as the words, "till end of Moore's rental in 1889," etc., must refer to the fact that Moore had become the renter of his said fee-simple lands for a term of years, which term expired in 1889, as before stated.    So that in no event is the contract of lease to Davis, thus attempted to be set up, worth, for the purpose for which it is relied upon, the paper upon which it is written.

Having thus attempted to set up the spotted oxen and gray mare paper as an impediment to the enforcement of the complainant's (Bruce's) judgment, Moore then proceeds to say : "Respondent avers that he considers said contract as valid and binding on him ; and as it was made and executed 8th August, 1885, before complainant had any judgment lien on said land, it should expire before any sale can be made for the benefit of said Bruce.    Respondent says that J. A. Davis, under his said written lease, expended large sums of money and much labor on said lands, and he has now many contracts' for grazing the grass lands, and he is cultivating all the others. Respondent says said Davis is a proper party to this suit, and should be so made before any hearing thereof."    The respondent, Moore, then proceeds in his answer to admit his ownership for life of the tract of 956½ acres of land conveyed to him and wife by J. P. M. Simmerman, as aforesaid.    He also admits the existence of the deed of trust, and his ownership in fee of the lands embraced therein, but insists that said lands owned by him as aforesaid, are valuable, and that the same, by proper effort, with proceeds of a portion thereof recently sold by consent of said trustee, and other sales contemplated, would in five years pay the debts due ; and he insists that under no circumstances should all of said lands

be sold, but only so much as may be necessary to pay the debts due at the time of the sale. And it is further admitted as stated in the bill of complainant, Bruce, that a portion of said land is now rented under a decree in said suit of Leftwich against Moore, and that respondent himself is the renter thereof ; and the record in said last-named suit is exhibited with and as part of respondent's answer, marked "B." Respondent then denies the power of the court to take charge of said rented lands, under a decree in another cause, unless that cause be consolidated with this, and all parties interested in said rented lands be brought before the court ; and therefore the respondent insists that both I. J. Leftwich, the plaintiff in said cause of Leftwich against Moore, and D. S. Peirce, the commissioner therein, should be made parties to this suit of Bruce against Moore. The respondent, Moore, then concludes his answer to Bruce's bill by referring to the account taken in the cause by Commissioner Bolling under the vacation order for an account, of June 15, 1886, and returned August 9, 1886, prior to the answer of respondent, Moore, and says that the debts reported by Commissioner Bolling, to wit, "the debt due Farmers' Bank of about $3,978, more or less," and "a portion of the debt due D. S. Peirce, commissioner (for Leftwich debt), of about $1,400, is not due, and will not be until 10th March, 1889, and no lands can be sold or rented for debts not due."

Such is the answer of the respondent, Moore, to the bill against him by G. S. Bruce, and it cannot be said that it suggests any valid defense whatever. The lands owned by Moore in fee having been rented to satisfy the complainant's debt in the said suit of Leftwich against Moore, and Moore himself having become the renter thereof for the term of five years, which term had not expired, it became necessary in this suit of Bruce against Moore to take an account of the liens on the lands of Moore and the lands owned by him subject thereto. The report of the commissioner showed that, in

addition to said fee-simple lands, which had been rented as
aforesaid, and which were incumbered by said trust deed,
said Moore owned a life-estate in said 956½-acre tract con-
veyed to him and wife by said Simmerman, except a portion
thereof conveyed by him to Mrs. McBee, as aforesaid.    At
the September term, 1886, it seems that J. A. Davis pre-
sented his petition, setting up his claim as lessee of all the
lands of R. R. Moore under said pretended contract of lease
of 8th August, 1885, referred to in the answer of R. R.
Moore.    The petition evidently proceeds upon the unwar-
ranted assumption that the lands rented in the suit of Left-
wich against Moore not only included the lands owned by
Moore in fee, but also the 956½-acre tract in which he had only
a life-estate, when the latter tract was not so rented.    How-
ever, the cause then (September term, 1886) came on to be
heard "upon the bill of the complainant and the exhibits
filed therewith, and upon the orders entered in vacation, and
upon the report of W. H. Bolling, commissioner, and upon
the exceptions to said report, and upon the demurrer and
exhibits and answer of R. R. Moore, and upon the petition
and exhibits of J. A. Davis, and joinder in said demurrer
and replication to said answer," when a decree was rendered
in which the following language occurs :    "It appearing to
the court that the only unincumbered land belonging to the
said defendant, R. R. Moore, which is subject to complain-
ant's judgment liens in the bill and proceedings mentioned,
and the other judgment liens in the said report mentioned,
is the life-estate of said defendant, R. R. Moore, in the
956½-acre tract, less the amount conveyed to Mrs. McBee ;
and it also appearing that the rents and profits of said life-
estate will not pay out the debts of complainant in five
years,—it is adjudged, ordered, and decreed that the same be
sold at the front door of Wythe court-house, at public auc-
tion, on some court day, if the said defendant, Moore, or
some one for him, does not pay off the said judgments within

30 days from this date ; and D. S. Peirce is hereby appointed a commissioner for the purpose of making said sale,'' etc. From this decree both the defendant, R. R. Moore, and said petitioner, J. A. Davis, applied for and obtained appeals ; and thus there came into existence in this court the two cases of Davis v. Bruce and Moore v. Bruce, which were heard together at the last term of this court, when a decree was rendered by this court reversing said decree of September term, 1886, in said cause of Bruce against Moore, in so far, and only in so far, as the same directed a sale of said life-estate ''before and without ascertaining the extent of the rights of Davis as tenant in possession of the lands ordered to be sold, and not providing for his protection,'' but affirming said decree in all other respects. 7 S. E. Rep. 195.

It is now perfectly clear that the alleged contract of lease under which Davis claimed, conferred upon him no such rights as were attempted to be set up by him ; that he was not a necessary or proper party ; that all necessary and proper parties were before the court.

This brings us to the case in hand of R. R. Moore et al. v. D. S. Peirce, Com'r, etc. The case is as follows : To the August rules, 1887, of the circuit court of Wythe county, D. S. Peirce, commissioner in the aforesaid suit in chancery, of Leftwich v. Moore et al., brought an action of debt against said R. R. Moore, Henry Simmerman, Samuel R. Sayers, and D. P. Graham and John W. Robinson, partners under the firm and style of Graham & Robinson, upon a rent bond executed in said chancery cause to said Peirce, as commissioner, for $1,400. To this action the defendants appeared at rules, and filed their plea in abatement, to the effect that this action was superseded by the appeal and supersedeas in the said injunction suit of Moore against Leftwich. At the succeeding term of said court the said plea in abatement was objected to, and the court sustained the objection, rejected the plea, and gave judgment for the plain-

tiff, "subject to the control of the court in the chancery cause of Leftwich against Moore." Thereupon the defendants obtained from one of the judges of this court a writ of error to said judgment, but not to operate as a supersedeas thereto. It is abundantly clear that the circuit court did not err in rejecting the defendant's said plea in abatement, and giving judgment for the plaintiff in said action of debt. The plea in abatement was wholly inappropriate as a defense to said action, which was founded upon one of the rent notes executed to said commissioner, in the suit of Leftwich against Moore, by said Moore and others, his sureties, for the rent of his own lands; and the record shows that the judgment was entered "subject to the control of the court in the chancery cause of Leftwich against Moore." There was therefore no occasion for any writ of error to said judgment, as the appeal and supersedeas awarded in the previous injunction suit of Moore against Leftwich simply superseded the decree of March term, 1887, rendered in the said cause of Leftwich against Moore, and directing to be re-rented the lands of said Moore which had been rented under a former decree in the same cause. All this fully appears in the elaborate statement above of the several causes of Leftwich v. Moore, Bruce v. Moore, Moore v. Bruce et al., and the present case of Peirce, Com'r, v. Moore et al., and the several appeals in said causes respectively. A single glance at the statement of the proceedings had in said causes is sufficient to show, when all of them are looked at together, that no error was committed by the court below in either of the cases, and that the several appeals should have been refused. For these reasons we are of opinion to affirm the judgment of the court below in the present case of Moore et al. v. Peirce, Com'r.

Judgment affirmed.