## LANGSTRAAT *v.* NELSON *et al.*

(*Circuit Court, N. D. Iowa, W. D.* December 31, 1889.)

QUIETING TITLE—EJECTMENT SUIT PENDING.

Under the Iowa statute giving a person in possession of land the right to bring a bill in equity to quiet title, such a bill is not demurrable because it shows that defendants, who are non-residents of the state, have sued complainant in ejectment for the land, and that such ejectment suit is still pending.

In Equity. On demurrer.

*W. S. Palmer*, for complainant.

*Geo. Struble* and *Struble, Rishel & Hart*, for defendants.

SHIRAS, J. The complainant herein is in actual possession of certain realty in Sioux county, Iowa. The defendants herein brought an action in ejectment against complainant, claiming to be the owners in fee of the realty in question. Thereupon the complainant filed the present bill in equity for the purpose of quieting his title, and asking that the defendants be restrained from the further prosecution of their action at law. The defendants demur to the bill on the ground that the matters set up in the bill as grounds for equitable relief are fully available to the complainant in the action at law, being, in substance, an estoppel *in pais*, and therefore claim that the bill is not sustainable because there is pending between the parties an action at law. If the law action was not pending it could not be successfully claimed that the bill was demurrable. The complainant is in the actual possession of the realty, and therefore he could not maintain an action in ejectment against the defendants. Under such circumstances, under the statute of Iowa, he would have the undoubted right to bring a bill in equity to quiet his title. *Holland* v. *Challen*, 110 U. S. 15, 3 Sup. Ct. Rep. 495. The bill on its face shows that there is pending an action at law for the possession of the property, brought by the defendants against complainant, and by the demurrer the point is made that the pendency of the latter defeats the right to maintain the former; or, in other words, it is maintained that the pendency of the law action should abate the suit in equity. Where a party brings an action at law and a suit in equity in furtherance of the same object, the general rule is that the one cannot be pleaded in abatement of the other, for the reason that the remedy sought is not identical. Story, Eq. Pl. § 742. The ground upon which is based the right to plead the pendency of another suit touching the same subject-matter, as an abatement of a second suit between the same parties, is that the second suit is merely vexatious, and a party ought not to be subjected to the costs and expense of a second suit, when the one already pending will fully dispose of the issue. To sustain the plea, it must appear that there is identity of parties, of subject-matter, and of relief sought. *Insurance Co.* v. *Brune*, 96 U. S. 588. In the case now under consideration, the two suits were not instituted by the same party. The contention of the defendants is that complainant ought not to be

permitted to maintain his suit in equity, because they have instituted an action at law against him. As already said, the complainant has the right, under the statute of Iowa, to maintain a suit in equity to quiet his title as against the defendants. This he is seeking to do. If the bill, however, should be dismissed because of the pendency of the law action, the plaintiffs therein can, at their pleasure, dismiss the law action; and, being non-residents of Iowa, it might thus be put out of the power of complainant to again get service upon them in this state, and the complainant would be practically defeated in his efforts to settle and quiet his title. This fact, in addition to the difference in the remedy attainable in the two proceedings, justifies the conclusion that the pendency of the action at law ought not to be deemed cause for abating the suit in equity, and the demurrer to the bill must be therefore overruled.