Marshall, C. J.
 

 This record presents to this court two questions for determination: First, the right of the taxpayer to maintain a proceeding in mandamus-; second, the right of the mayor of the
 
 *489
 
 city of Norwood to retain the statutory fees taxed in his favor in state criminal cases. These questions will be discussed in the order named.
 

 The first of these questions has. two branches: (a) Does mandamus lie, or is there an adequate remedy at law? (b) Does the pending suit brought by the city solicitor, which is still pending, abate the suit in mandamus brought by the taxpayer? These questions will also be disposed of in the order named.
 

 The evidence offered and received at the trial contains no dispute upon any point, and a review of this record by this court does not in any sense involve a weighing of evidence. The mayor had kept all fees taxed in his favor separate and distinct from any other moneys, and from time to time had deposited the same in a private box in a Cincinnati bank, under an agreement between the mayor and the bank that the same were held awaiting a determination of the title to the same. That deposit still awaits a final determination of this controversy. This portion of the ease therefore turns upon the proper construction of Section 4313, General Code:
 

 “See. 4313. In case an officer or board fails to perform any duty expressly enjoined by law or ordinance, the solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty.”
 

 It being sought by mandamus to compel the may- or to pay the moneys held by him into the city treasury, and it being claimed that this is a duty expressly enjoined upon him by statute, and there being practically no dispute about the
 
 *490
 
 facts, but, to the contrary, the whole controversy relating to a construction of the statutes of Ohio, a clear case is presented for the exercise of equity jurisdiction. Section 12283, General Code, provides :
 

 “Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
 

 The identical moneys collected by the mayor are deposited in a safety deposit box in a bank, and, if the money belongs to the city, he should be ordered to make the payment. This conclusion is in perfect harmony with the decision of this court in the case of
 
 State
 
 v.
 
 Staley,
 
 38 Ohio St., 259.
 

 The mayor should not seriously complain of the action of the courts below on this point, because any action at law to recover the moneys and to have them paid into the treasury must be predicated upon a claim of conversion, and any adverse judgment against him in an action at law would necessarily place upon him the stigma of having converted moneys belonging to the city. The present form of action, as instituted, gives him credit for honesty of purpose, and only submits for determination the construction of a statute.
 

 Let us next inquire whether this controversy is abated by the pendency of the suit for the recovery of the money, brought upon the relation of the city solicitor. By virtue of Section 11309', General Code, in paragraph 4 thereof, it is provided that it shall be a ground for demurrer to a petition “that there- is another action pending between the
 
 *491
 
 same parties for the same cause.” And by virtue of Section 11311, when such ground of demurrer does not appear on the face of the petition, “the objection may be taken by answer.” The objection in the instant case did not appear on the face of the petition, but is pleaded in the answer, thereby presenting the question for determination.
 

 At common law the pendency of another action was ground for abatement, and the Ohio statutes are but declaratory of the common law. Although the statutes above referred to have been a part of our Code of Procedure for a long period of time, very little light has been thrown upon those provisions by the decisions of the Ohio courts. The diligence of counsel has resulted in no citation of authorities. In the case of
 
 Spence
 
 v.
 
 Union Cent. Life Ins. Co.,
 
 40 Ohio St., 517, it was decided that the pendency of an action on a promissory note secured by a mortgage, with a prayer that the amount due on the note be found, and for decree of foreclosure and sale, but in which no personal judgment is demanded, is not a bar to another action upon the note against the maker for personal judgment. One of the actions there involved was a suit in equity; the other, one at law. In the absence of interpretation by this court of the Ohio statute, and the statute being declaratory of the common law, it is proper to turn to the decisions of other states on the subject of abatement, on the ground of another suit pending. There is no lack of authority on this subject. It has been decided that a former bill pending in equity cannot be pleaded in abatement of a subsequent action at law:
 
 Blanchard
 
 v.
 
 Stone,
 
 16 Vt., 234;
 
 Mattel
 
 v.
 
 *492
 

 Conant,
 
 156 Mass., 418, 31 N. E., 487;
 
 Moore
 
 v.
 
 Peirce
 
 (Va.), 9 S. E., 1008;
 
 Williamson, Trustee,
 
 v.
 
 Paxton, Trustee,
 
 59 Va. (18 Grat.), 475;
 
 Joslin
 
 v.
 
 Millspaugh,
 
 27 Mich., 517;
 
 Kittredge
 
 v.
 
 Race,
 
 92 U. S., 116, 23 L. Ed., 488;
 
 Black
 
 v.
 
 Lackey,
 
 41 Ky., (2 B. Mon.), 257;
 
 Julian
 
 v.
 
 Pilcher,
 
 63 Ky., (2 Duv.), 254;
 
 Copperthwait
 
 v.
 
 Dummer,
 
 18 N. J. Law, 258;
 
 Graham
 
 v.
 
 Meyer,
 
 Fed. Cas. No 5673, 4 Blatchf., 129;
 
 Gambling
 
 v.
 
 Haight,
 
 59 N. Y., 354;
 
 Hall
 
 v.
 
 Bennett,
 
 48 N. Y. Sup. Ct., 302;
 
 Humphries
 
 v.
 
 Dawson,
 
 38 Ala., 199.
 

 The foregoing cases state the converse of the situation presented in the instant case. There are, however, a number of cases which hold that a former suit at law is not a ground of abatement of a subsequent suit in equity.
 
 Way
 
 v.
 
 Bragaw,
 
 16 N. J. Eq., 213, 84 Am. Dec., 147;
 
 Chicago & S. W. Rd. Co.
 
 v.
 
 Heard,
 
 44 Iowa, 358;
 
 Curd
 
 v.
 
 Lewis,
 
 31 Ky. (1 Dana), 351;
 
 Hatch
 
 v.
 
 Spofford,
 
 22 Conn., 485, 58 Am. Dec., 433;
 
 Langstraat
 
 v.
 
 Nelson, (C.
 
 C.), 40 Fed., 783.
 

 In the case of
 
 Julian
 
 v.
 
 Pilcher,
 
 63 Ky., (2 Duv.), 254, the court, construing sections identical with the Ohio Code sections, held that a suit to foreclose a lien is not an action for the same cause as a suit at law to recover a personal judgment on a note secured by the same lien. The court made the following significant statement:
 

 “The Code did not intend to make a new rule for determining the identity of causes of action, but to enforce the old maxim that no one should be twice vexed for the same cause.”
 

 Many of the cases above cited hold that abatement will not be ordered in such cases, but suggest
 
 *493
 
 that the trial court might require the plaintiff to elect between the two actions.
 

 If, by virtue of Section 4314,'General Code, the taxpayer has a light to have a suit prosecuted, it follows as a necessary adjunct of that right that he is entitled to have a form of action which will be effective and adequate.
 

 If the principles so uniformly held by other jurisdictions shall be applied to the instant case, the question is not one of difficulty. The question presents even less difficulty, by reason of the fact that the suit which was brought upon the relation of the city solicitor has never been brought to an issue, and, in the meantime, the instant ease has been tried and prosecuted to this court. The likelihood that the defendant will ever be troubled or embarrassed by the former suit seems, therefore, too remote to justify this court in dismissing this case upon a question of adjective law.
 

 Having found that this action does not abate by reason of the former suit pending, and having found that mandamus is an appropriate remedy, it only remains to determine whether or not the mayor has a legal right to retain fees taxed in his favor in state cases. Other sections of the Code make provision for taxation of costs in favor of the mayor, who hears and decides minor offenses against the state laws, and who conducts preliminary hearings in felony cases, and except for certain provisions found in Section 4270, General Code, as last amended (108 O. L. pt., 2, 1208), his right would not be questioned. In the last analysis, therefore, this controversy turns upon a proper
 
 *494
 
 construction of .Section 4270, General Code. The provisions pertinent to this inquiry are as follows:
 

 “All fines and forfeitures in ordinance cases and all fees collected by the mayor, or which in any manner comes into his hands, due such mayor or to a marshal, chief of police or other officer of the municipality and any other fees and expenses which have been advanced out of the municipal treasury, and all moneys received by such mayor for the use of the municipality, shall be by him paid into the treasury of the municipality on the first Monday of each month, provided that the council of a village may, by ordinance, authorize the mayor and marshal to retain their legal fees in addition to their salaries, but in such event a marshal shall not be entitled to his expenses. *
 
 * *
 
 Except as otherwise provided by law, all fines and forfeitures collected by him in state cases together with all fees and expenses collected, which have been advanced out of the county treasury, shall' be by him paid over to the county treasury on the first business day of each month. ’ ’
 

 Prior to the last amendment, that section (P. & A. Code, Section 4270) read as follows:
 

 “All fines and forfeitures collected by the mayor, or which in any manner comes into his hands, and •all moneys, received by him in his official capacity, other than his fees of office, shall be by him paid into the treasury of the corporation weekly. At the first regular meeting of the council in each and every month, he shall submit a full statement of all such moneys received, from whom and for what purpose received, and when paid over. All fines, penalties, and forfeitures collected by him in
 
 *495
 
 state cases shall be by him paid over to the county treasurer monthly.”
 

 It will be observed that several changes were made by the amendment, and it will be presumed that the Legislature intended that certain rights and privileges which existed before, should no longer exist after, the amendment. The case is full of difficulty, and has commanded the earnest consideration of the court.
 

 The conclusion which has been reached by the majority is that the section as amended leaves the fees taxed in favor of the mayor in two general classes, to wit, ordinance cases and state cases. The earlier provisions of thé section apply only to ordinance cases, and the latter provision only to state cases. Taking up the latter provision first, it will be observed that in state oases it is the duty of the mayor to pay into the county treasury “all fines and forfeitures collected by him * * * together with all fees and expenses collected, which have been advanced out of the county treasury.” It requires no elaboration of argument to show that the fees taxed by the mayor are not included within the language quoted. Construing the earlier parts of the section, it is plain that whatever moneys are described therein must be paid into the municipal treasury. But, if those portions of the section apply only to ordinance cases, and this controversy relates only to state eases, then the relator is clearly not entitled to the relief prayed for. The amendment has left out the phrase “other than his fees of office,” but this omission has no controlling significance in the determination of this suit involving fees in state cases, since the earlier
 
 *496
 
 portion of the statute applied, prior to the amendment, only to ordinance cases. This amendment has, however, made a change in that respect, and this omission from the statute as formerly existing seems quite harmonious with another clause which was added in the amendment, to wit, “provided that the council of a village may, by ordinance, authorize the mayor and marshal to retain their legal fees in addition to their salaries.”
 

 It is, of course, a well-settled rule of interpretation, well expressed by this court in
 
 Board of Education of Hancock County
 
 v.
 
 Boehm,
 
 102 Ohio St., 292, 131 N. E., 812, that:
 

 “When an existing statute is repealed, and a new and different statute upon the same subject is enacted, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the change in the language thereof.”
 

 ‘Very important changes were therefore made by the amendment, but they apply only to ordinance cases, and, whereas formerly the mayor was entitled to hold fees in ordinance cases, the matter is now placed as to villages under the entire control of the village council. It will be observed that the word “village” appears in Section 4270, and that the word “city” nowhere appears. It will be further observed that the word “village” appears only in that paragraph giving power to the council to authorize the mayor and marshal to retain their legal fees. Section 4270, however, appears in a chapter relating to both cities and villages. The section which was repealed, and which formerly carried the same number, 4270, was not
 
 *497
 
 confined, to villages, but apparently applied to all municipalities, and, if the general provisions of the section as amended, other than the proviso, should not be construed as applying to all municipalities, there would be no legislation whatever upon that subject pertaining to cities.
 

 The conclusions we have reached are in harmony with the decision of
 
 City of Portsmouth
 
 v.
 
 Milstead,
 
 8 C. C., N. S., 114, affirmed by this court without report 76 Ohio St., 597, 81 N. E., 1182.
 

 The true interpretation of Section 4270, General Code, is therefore, that in all state cases the mayor of a city or village is entitled to hold the legal fees taxed in his favor; the same not having been included within the language of the latter part of the section, which makes provision for payment of certain moneys into the county treasury. As to all ordinance cases, the fees taxed in favor of a mayor or marshal must be paid into the village or city treasury. By virtue of the proviso, a village council may by ordinance authorize the mayor or marshal to retain his legal fees. The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Robinson, Matthias, Day, and Allen', JJ., concur.
 

 Conn, J., dissents.