Hart, J.
 

 The legal questions involved in this action are: (1) Does' the city solicitor of the relator city, under the facts of this case, have authority to institute this action under favor of Section 4313, General.Code! (2) May the Court of Appeals'in a mandamus action, on consideration of motions by the respondents to strike out substantial portions of the petition,
 
 sua sponte
 
 strike the petition itself from the files and quash the alternative writ of mandamus, when the court finds that the relator is without legal capacity to sue; that none of the defendants owes any duty the performance of which may be compelled by mandamus, and the petition otherwise fails' to state a cause of action! (3) Do the facts, including the legislation of the city council of Wapakoneta as set out in the petition, create a duty upon the part of the respondents to act as prayed
 
 *103
 
 for therein, and, if so, may such action he compelled by mandamus?
 

 On considering these issues, it must always' be borne in mind that mandamus is an extraordinary legal remedy. While the judicial branch of government is coordinate with the legislative and executive branches, it has no power or function in the first instance to initiate or compel the initiation of any governmental activity. Its sole function is to protect rights, to redress wrongs, and to restrain the other two branches of government from exceeding their power and authority. Therefore, the judicial branch of government cannot compel action on the part of any officer of government by mandamus or otherwise until such officer has so far failed to act as to constitute a violation of official duty. In other words, courts will not compel performance until there is a clear violation of a duty to act. The question then throughout the consideration of this case is: Have the respondents or any of them committed any wrong by failure to act as matters stood on the day of the filing of the petition?
 

 The respondents claim, in the first place, that the city solicitor of the city of Wapakoneta had no power or capacity to bring this action. The city solicitor claims this authority under Section 4313, General Code, which provides that: “In case any officer or board fails to perform any duty
 
 expressly enjoined by law or ordinance,
 
 the solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty.” (Italics ours.) What duty is expressly enjoined by law or ordinance upon the respondents to do what the prayer of the petition in this case demands, namely, “to proceed with and to do and perform or cause to be done and performed all acts and things necessary in and to the building and construction of sa.id municipal light plant”? “Expressly enjoined,” means not impliedly but specifically, in so many words, commanded. The relator
 
 *104
 
 in its petition and likewise in its brief in this court fails to point out any such express command directed to the respondents, and the court finds none in the record.
 

 At the time the petition was filed there was no legislation in force in the city of Wapakoneta providing for the building of a light plant, much less commanding the respondents to build one. It is true the relator makes the claim that the ordinances repealing the former legislation dealing with the construction of a light plant are void and illegal because of ulterior motives on the part of the respondent councilmen in passing them, but they are undoubtedly the law as to the subject-matter contained therein until s’ome court declares them illegal and void. This court is not called upon to do so, and would have no right to do so in this case. Furthermore, as will later appear in this opinion, even if the former legislation had not been repealed there is no “express” duty enjoined upon the respondents to issue bonds, advertise for bids, or let a contract to build a light plant. A city solicitor is authorized to bring a mandamus action under Section 4313, General Code, only in case an officer or board fails to perform some specific duty expressly commanded by law or ordinance, such as the payment of money in hand to the party to whom it is commanded or adjudged by law to be paid.
 
 State, ex rel. Nead,
 
 v.
 
 Nolte,
 
 111 Ohio St., 486, 146 N. E., 51, 37 A. L. R., 1426, and
 
 State, ex rel. Ballard,
 
 v.
 
 Harrison,
 
 81 Ohio St., 98, 90 N. E., 150. The allegations in the petition of the relator must disclose the right to bring such an action under favor of this section. Since there are no such facts stated in the petition, the city solicitor is without authority, under the' statute, to maintain the action. Furthermore, although the question is not raised in the record, the solicitor had no authority to bring this action in the name of the city. A mandamus action must be brought in the name, of the state on the relation
 
 *105
 
 of the person applying for the writ. Section 12286, General Code.
 

 The relator also claims that the court had no right to strike its petition from the files and terminate the action. The respondents filed motions to strike out certain portions of the petition because irrelevant and immaterial, and the court, on examination of the petition, treated the motions as a general demurrer, dismissed the action and quashed the alternative writ on the ground that the solicitor was without capacity to bring and maintain the action; that the respondents owed no duty the performance of which could be compelled by mandamus, and that the petition failed to state, a cause of action. If the court was right in this finding, it was doubtless justified in treating the motions as demurrers and dismissing the action, in the absence of further pleading upon the part of the relator. While this practice is' not to be commended, on the other hand it is not without precedent. 31 Ohio Jurisprudence, 853, 854, Section 269. The relator had a right to apply for leave to amend its petition, or regard the action of the court as a final disposition of the matter so far as the Court of Appeals was concerned, and from the record it appears that it chose the latter course.
 

 The court issued the alternative writ in the first instance without notice or hearing, and, finding on further consideration of the petition that it had been wrongfully issued, the court, undoubtedly, had like authority to dismiss it. The court gave the relator ample opportunity to present its side of the case as is evidenced by the brief of the relator filed as a part and in support of its motion for rehearing before the final entry of dismissal was filed. In this respect this court sees no prejudicial error to the relator.
 

 Coming to matters of greater substance, can the court under the allegations of the petition compel the respondents by mandamus to do and perform gen
 
 *106
 
 erally all tilings necessary to build and construct a light plant? In this case it is sought to compel the members of the city council and other city officials to exercise, not ministerial duties clearly defined, but duties which would involve not only discretion and judgment but legislative action concerning a project of infinite detail. The officials of the city of Wapakoneta several years before the filing of the petition in this case were imbued with the idea and policy of constructing a municipal light plant for the city. It was their right and privilege to pursue such an enterprise as a matter of public policy. Through them the city made decisions looking to that end. No doubt they were honest in their conviction that this course was for the best interests of the city and the people. But before they had started the construction which they had in mind, and before the city had obligated itself to issue bonds or had employed contractors to construct a plant, the city officials now representing the city, likewise invested with official authority and the right to form policies and speak the mind and will of the municipality, decided to abandon the project. By their action, and through the discretion which they are authorized to exercise, they deem it best not to build a light plant at this time, but in lieu thereof to purchase electric current for the city and its people to be distributed over the distribution lines owned by the city. It is' a matter of judgment as to which course is best, but the present officials of the city, the respondents in ' this case, are entitled to exercise that judgment.
 

 Public officials under certain circumstances may be compelled by writ of mandamus to make certain public improvements, but this is because such matters are specially and particularly enjoined and commanded by law as a part of their official duty and responsibility. 25 Obio Jurisprudence, 1086, 3087, Section 113. See also 46 A. L. R., 266, annotation. The building of a light plant is not such an enterprise. It
 
 *107
 
 is not a duty specially enjoined by law upon the respondents as a part of their official duty and responsibility. It is a matter of policy for their best judgment and decision. Mandamus will not lie to control the action of public officials with reference to the construction of public improvements if their authority to act is merely permissive, or their obligation to act lies within their discretion and judgment.
 
 State, ex rel. Geering,
 
 v.
 
 Board of Commrs. of Henry County,
 
 31 Ohio St., 211;
 
 State, ex rel.,
 
 v.
 
 Commissioners,
 
 49 Ohio St., 301, 30 N. E., 785.
 

 Having such discretion in the premises, it was within the power and authority of the respondent councilmen to repeal the former legislation looking toward the construction of a light plant. The .fact that plans had been made or steps taken for the construction of the plant did not preclude the respondents, as members of the city council, from abandoning it.
 
 State, ex rel. Geering,
 
 v.
 
 Board of Commrs. of Henry County, supra.
 

 In the case last cited, it was contended that since the county commissioners had taken steps to build a bridge, they could not abandon the project. In this connection, the court, on page 213, says: “They [counsel] contend that, having taken the first step under the act, the commissioners are bound to go on to the end. We do not so understand the law. If such be the law applicable to the building of this bridge, then.it must be the law applicable to the building of any and all bridges authorized to be built by the commissioners; their discretion must, in every case, be exhaustively exercised before they commence the work, no matter what may afterward happen. They have no
 
 locus penitentiae,
 
 and the first step in the work necessitates the last step. Such can not be the law of the case. Surely, the law ‘specially enjoins’ no such duty upon the county commissioners — the duty to persist in a work deemed useless and injurious,”
 

 
 *108
 
 Furthermore, the construction of a light plant would now require a financing program and legislation of infinite detail which would call for judgment and discretion on the part of the respondents. A writ of mandamus will not issue to a legislative body or its officers to require the performance of duties which are purely legislative in character and over which such legislative bodies have exclusive control. This is so because legislation calls for the exercise of judgment and discretion, especially when it relates to a building and contract program, and because, as in this ease, it would mean the control and regulation by the court of a general course of conduct for a series of continuous acts to be performed under varying conditions over quite a period of time, a responsibility and burden which is outside the scope of the judicial function and which the courts will not assume.
 

 The court is of the opinion that this is a matter to be worked out by the duly elected officers- of the city of Wapakoneta, who alone are authorized to determine the mind and will of local government, and that the courts are not only without power to interfere, but would be doing the city and its people a dis-service if they were to interfere with the authority and discretion of its duly elected public officials, and attempt to carry out functions of government by compulsion through- judicial decree.
 

 In the case of
 
 Commrs. of Rollersville & Portage Free Turnpike Road
 
 v.
 
 Commrs. of Sandusky County,
 
 1 Ohio St., 149, involving a mandamus proceeding against the county commissioners of Sandusky county to compel them to go forward in laying out a new road and in levying a property assessment to provide the necessary funds, all of which had been authorized by the Legislature, Judge Corwin, in the course of his opinion, at page 150, said: “There is no other provision in said act for levying such tax by the county commissioners, either permissive or mandatory, and
 
 *109
 
 the first question presented for our consideration is, whether the provisions of the third section of said act, absolutely require such tax to be levied, or whether they merely give authority to the county commissioners to levy such tax at their discretion. It must be conceded that if the exercise of such authority is left by law to the discretion of the county commissioners, that discretion must be exercised in their own way, and upon their own responsibility; and when no act has been done by them under such authority, and no private right has intervened, which requires protection, no other tribunal is authorized to interfere with and control that discretion, whatever differences of opinion might be entertained as to the propriety or impropriety of the action of said commissioners. And the great protection against the abuse of such discretion, or the failure or refusal to exercise it for the promotion of the public welfare, is found in the right of the public, by their own act, to change the officers in whom such discretion is vested.” These principles are applicable to the case at bar.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.