[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 629.]

THE STATE OF OHIO EX REL. GRENDELL ET AL. *v.* DAVIDSON, SPEAKER OF THE HOUSE, ET AL.

[Cite as *State ex rel. Grendell v. Davidson*, 1999-Ohio-130.]

*Mandamus sought to compel respondents to include and pass a provision in Am.Sub.H.B. No. 283 appropriating $30,000 of general funds for the Geauga County Airport Authority—Complaint dismissed, when— Appropriate compliance with its own rules is for General Assembly to determine—State ex rel. Ohio Academy of Trial Lawyers v. Sheward, distinguished—Motion for sanctions against relators' attorneys granted.*

(No. 99-1198—Submitted July 28, 1999—Decided September 28, 1999.)

IN MANDAMUS.

———————————

{¶ 1} Pursuant to Section 7, Article II of the Ohio Constitution, the General Assembly adopted joint rules, including Joint Rule 19, which provides that a "committee of conference appointed to consider matters of difference between the two houses upon any bill or joint or concurrent resolution may consider and include in its report any amendments pertinent to the bill or joint or concurrent resolution, *provided such amendments relate exclusively to the original matters of difference between the two houses*." (Emphasis added.)

{¶ 2} The Ohio House of Representatives ("House") passed a version of Am.Sub.H.B. No. 283 that included a provision appropriating thirty thousand dollars of general funds for the Geauga County Airport Authority ("airport"). The Ohio Senate ("Senate") passed a different version of Am.Sub.H.B. No. 283 that also included a provision appropriating thirty thousand dollars of general funds for the airport. The conference committee for Am.Sub.H.B. No. 283 considered and deleted the airport funds provision even though the differing versions of the bill

contained that provision. Allegedly, respondent E.J. Thomas, the Chairman of the Joint Committee on Am.Sub.H.B. No. 283, stated that he deleted the airport funds provision because relator State Representative Diane V. Grendell, whose district includes Geauga County, voted against the bill. According to Representative Grendell, Thomas advised her that if she wanted the thirty thousand dollars for the airport, she had to tell Thomas that she was voting yes on the conference committee report for Am.Sub.H.B. No. 283.

{¶ 3} On June 28, 1999, both the House and Senate voted to approve the conference committee report version of the bill, which did not include the airport funds provision, and on June 30, respondents Jo Ann Davidson, Speaker of the House, and Richard Finan, President of the Senate, signed the bill as approved by the House and Senate and certified it to the Governor. The Governor signed the bill, which became effective on July 1.

{¶ 4} On the same date that the House and Senate approved the conference committee version of the bill, relators, Representative Grendell and Timothy J. Grendell, an attorney, filed this action for a writ of mandamus to compel Thomas to include the airport funds provision in the conference committee report for Am.Sub.H.B. No. 283, to direct the House and Senate to vote on the conference committee report for Am.Sub.H.B. No. 283 *with* the airport funds provision, and to order respondents Speaker Davidson and President Finan to certify Am.Sub.H.B. No. 283 to the Governor *with* the airport funds provision. Respondents filed a motion to dismiss and a motion for sanctions.

{¶ 5} After respondents filed their motion to dismiss relators' complaint, relators filed a motion for leave to amend their complaint and an amended complaint. In their amended complaint, relators named Gerald W. Phillips, an attorney and Geauga County elector and resident, and Taxpayers Coalition, an Ohio nonprofit corporation, as additional relators. Relators also named Governor Robert Taft, State Auditor James Petro, State Treasurer Joseph Deters, Ohio Legislative

Service Commission Director Robert Shapiro, the Ohio Legislative Service Commission, Ohio House Clerk Laura P. Clemens, and Ohio Senate Clerk Matthew T. Schuler, as additional respondents. In their amended complaint, relators Timothy J. Grendell and Phillips specified themselves as counsel for relators. Relators raised new claims in their amended complaint challenging the constitutionality of fourteen items or provisions added to Am.Sub.H.B. No. 283 by the conference committee that were purportedly not previously considered or acted upon by either the House or Senate and the constitutionality of Am.Sub.H.B. No. 283 insofar as it allegedly contains thirty-one separate nonappropriation subjects, including subjects as varied as the confidentiality of legislative documents and certified public accountant examination requirements. Respondents filed an answer to the amended complaint and a motion for judgment on the pleadings.

{¶ 6} This cause is now before the court on relators' motion for leave to amend, and on respondents' motions to dismiss, for judgment on the pleadings, and for sanctions.

───────────────

*Grendell & Associates Co., L.P.A.*, and *Timothy J. Grendell*; *Phillips & Co., L.P.A.*, and *Gerald W. Phillips*, for relators.

*Betty D. Montgomery*, Attorney General, *Judith L. French*, *Robert C. Maier* and *Elizabeth S. Luper*, Assistant Attorneys General, for respondents.

───────────────

*Per Curiam.*

Motion for Leave to Amend Complaint

{¶ 7} Relators claim that pursuant to Civ.R. 15(A), because no responsive pleading had been filed at the time that they filed their amended complaint, they have an unrestricted right to amend their complaint as a matter of course. S.Ct.Prac.R. X(2) provides that all original actions other than habeas corpus filed in this court "shall proceed under the Ohio Rules of Civil Procedure, unless clearly

inapplicable." *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 185, 685 N.E.2d 507, 510. Civ.R. 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a *responsive pleading* is served * * *." (Emphasis added.) Under the Rules of Civil Procedure, a motion to dismiss is not a responsive pleading, and a party can amend his or her complaint as a matter of course even after a motion to dismiss has been filed. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378, 382.

{¶ 8} *Hanson*, however, was not an original action filed in this court, which involves the application of the Supreme Court Rules of Practice. S.Ct.Prac.R. X(5), entitled "Response to complaint; court action," designates an answer, motion to dismiss, or a motion for judgment on the pleadings (coupled with an answer) as the appropriate responses for original actions other than habeas corpus filed here that will prompt our S.Ct.Prac.R. X(5) determination. In effect, a motion to dismiss constitutes a "responsive pleading" for purposes of the abbreviated pleading schedule set forth in S.Ct.Prac.R. X(5), and, consequently, relators could not amend their complaint as a matter of course pursuant to Civ.R. 15(A) after respondents filed a motion to dismiss. Civ.R. 15(A) requires leave of court or written consent of the adverse party to obtain amendment of a complaint after a responsive pleading is served. *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 224, 611 N.E.2d 789, 791.

{¶ 9} Nevertheless, relators alternatively request leave to amend their complaint pursuant to the allowance of an amendment under Civ.R. 15(A) following a responsive pleading ("Leave of court shall be freely given when justice so requires"), and the supplemental pleading provision of Civ.R. 15(E) ("Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought

to be supplemented."). Given the general policy favoring liberal amendment of pleadings under Civ.R. 15(A) and because relators' additional claims challenge the provisions of Am.Sub.H.B. No. 283, which had not been enacted at the time relators filed their initial complaint, see Civ.R. 15(E), relators' motion for leave to amend has merit. See, *e.g., Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 575, 589 N.E.2d 1306, 1308; *Perry v. Eagle-Picher Industries, Inc.* (1990), 52 Ohio St.3d 168, 170, 556 N.E.2d 484, 486-487.

{¶ 10} Based on the foregoing, we grant relators' motion for leave to amend their complaint.

S.Ct.Prac.R. X(5) Determination

{¶ 11} S.Ct.Prac.R. X(5) provides that "[a]fter the time for filing an answer to the complaint or motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been issued." Under S.Ct.Prac.R. X(5), we must determine whether an alternative writ, peremptory writ, or dismissal is appropriate. *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 531, 705 N.E.2d 1227, 1228. Dismissal is appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of the relators, that they are not entitled to the requested extraordinary relief. *State ex rel. Dist. 1199, Health Care & Social Serv. Union, SEIU, AFL-CIO v. Lawrence Cty. Gen. Hosp.* (1998), 83 Ohio St.3d 351, 352, 699 N.E.2d 1281, 1282.

{¶ 12} Dismissal is warranted here for the following reasons. Relators erroneously base their preeminent claim for extraordinary relief on the General Assembly's alleged failure to follow its own procedural rule by the conference committee's *deletion* of the airport funds provision that had been included in the House and Senate versions of the bill and the conference committee's *addition* of fourteen items that had not previously been considered or acted upon by the House or Senate.

**{¶ 13}** In *State ex rel. City Loan & Sav. Co. of Wapakoneta v. Moore* (1931), 124 Ohio St. 256, at 258-259, 177 N.E. 910, at 910-911, we held:

"The rules of the General Assembly seem to provide that a motion to reconsider should be filed within two days after the previous question is ordered in each house. The two-day rule is a rule of the General Assembly, not prescribed by the Constitution. Section 8 of Article II of the Constitution authorizes each house to determine its own rules of proceeding. Sections 9 and 16 prescribe certain rules which are mandatory, and a failure to observe them might be inquired into by the courts, and if it is found that the Legislature has violated the constitutional limitations it would be within the power of the court to declare the legislation invalid. The provision for reconsideration is not part of the Constitution and is therefore entirely within the control of the General Assembly. *Having made the rule, it should be regarded, but a failure to regard it is not the subject-matter of judicial inquiry. It has been decided by the courts of last resort of many states, and also by the United States Supreme Court, that a legislative act will not be declared invalid for noncompliance with rules. United States v. Ballin* [1892], 144 U.S., 1, 12 S.Ct., 507, 36 L.Ed., 321; *St. Louis & San Francisco Ry. Co. v. Gill* [1891], 54 Ark., 101, 15 S.W., 18, 11 L.R.A., 452; *Sweitzer* [*sic, Schweizer*] *v. Territory of Oklahoma* [1897], 5 Okl., 297, 47 P., 1094; *State v. Brown* [1890], 33 S.C., 151, 11 S.E., 641; *In re Ryan* [1891], 80 Wis., 414, 50 N.W., 187; *McDonald v. State* [1891], 80 Wis., 407, 50 N.W., 185." (Emphasis added.)

**{¶ 14}** In other words, it is well settled that, in considering the validity of a statute, courts will not inquire into whether the legislature complied with its own rules in enacting the statute, as long as no constitutional provision is violated. See, generally, Annotation, Power of Court to Pass upon Rules of Legislative Body (1931), 76 L.Ed. 967; see, also, *Reaves v. Jones* (1974), 257 Ark. 210, 213-214, 515 S.W.2d 201, 203, where the Supreme Court of Arkansas held that the state legislature's observance of its own joint rules is a matter entirely subject to

6

legislative control and discretion that is not reviewable by the judiciary. " '[T]he decisions are nearly unanimous in holding that an act cannot be declared invalid for failure of a house to observe its own rules. Courts will not inquire whether such rules have been observed in the passage of the act.' " *Brown v. Hansen* (C.A.3, 1992), 973 F.2d 1118, 1122, quoting Singer, Sutherland Statutory Construction (4 Ed.1985) 434, Section 7.04, now (5 Ed.1994) 566, Section 7.04; *McDonald*, 80 Wis. at 412, 50 N.W. at 186 ("We think no court has ever declared an act of the legislature void for non-compliance with the rules of procedure made by itself, or the respective branches thereof, and which it or they may change or suspend at will.").

**{¶ 15}** Therefore, relators' claims concerning the General Assembly's alleged failure to follow Joint Rule 19 are nonjusticiable because Section 7, Article II of the Ohio Constitution, which provides that "[e]ach House [of the General Assembly] shall determine its own rules of proceeding," commits the issuance and observance of procedural rules to the General Assembly. See, generally, *Nixon v. United States* (1993), 506 U.S. 224, 228, 113 S.Ct. 732, 735, 122 L.Ed.2d 1, 8-9; *DeRolph v. State* (1997), 78 Ohio St.3d 193, 265-267, 677 N.E.2d 733, 783-784. A writ of mandamus will not issue to a legislative body or its officers to require the performance of duties that are purely legislative in character and over which such legislative bodies have exclusive control. *Wapakoneta v. Helpling* (1939), 135 Ohio St. 98, 108, 13 O.O. 460, 464, 19 N.E.2d 772, 777. The constitutional principle of separation of powers protects the General Assembly from such infringement. See, generally, *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 463, 668 N.E.2d 457, 465-466.

**{¶ 16}** In addition, adoption of relators' claims to compel the passage of the airport funds provision would contravene the constitutional requirement that "[t]he general assembly shall enact no law except by bill, and no bill shall be passed without the concurrence of a majority of the members elected to each house."

Section 15(A), Article II, Ohio Constitution. Relators' contention that when the House and Senate pass different versions of a bill, the nondiffering provisions contained in the differing versions become law, is consequently meritless.

{¶ 17} Relators next rely on *Maloney v. Rhodes* (1976), 45 Ohio St.2d 319, 74 O.O.2d 499, 345 N.E.2d 407, to argue that the General Assembly's alleged failure to comply with Joint Rule 19 is justiciable because of the claimed noncompliance with Section 15(E), Article II of the Ohio Constitution, which provides that "*[e]very bill* which has passed both houses of the general assembly *shall be signed by the presiding officer of each house to certify that the procedural requirements for passage have been met* and shall be presented forthwith to the governor for his approval." (Emphasis added.) While we did state in *Maloney* that the application of Section 15(E) is not confined to *constitutional* procedural requirements, 45 Ohio St.2d at 327, 74 O.O.2d at 503-504, 345 N.E.2d at 413, we limited our pertinent holding in that case to invalidating statutes that did not contain the certification specified in Section 15(E). *Id.* at paragraph three of the syllabus.

{¶ 18} Unlike the statutes we held unconstitutional in *Maloney*, there is no allegation that the enacted laws challenged here failed to contain the required Section 15(E) certification. Where a bill is certified by the presiding officers of each house, the bill is constitutionally valid under Section 15(E). *Id.* at paragraph three of the syllabus; see, also, *State ex rel. Ohio AFL-CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 245, 631 N.E.2d 582, 597 (Douglas, J., concurring). *Maloney* is thus inapposite.

{¶ 19} Relators' remaining claims challenge the alleged inclusion in Am.Sub.H.B. No. 283 of fourteen provisions added by the conference committee, which they contend violated the three-consideration rule of Section 15(C), Article II of the Ohio Constitution, and the Act's alleged inclusion of thirty-one nonappropriation subjects, which they contend violated the one-subject rule of Section 15(D), Article II of the Ohio Constitution and the right of referendum of

Section 1, Article II of the Ohio Constitution. Regarding these claims, relators request, in essence, relief in the form of a declaration that Am.Sub.H.B. No. 283 is unconstitutional and a prohibitory injunction against the various respondents, including Governor Taft, State Auditor Petro, State Treasurer Deters, and LSC Director Shapiro, from taking any action with respect to various provisions of the enacted laws.

{¶ 20} In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 70, 647 N.E.2d 769, 771; *State ex rel. Governor v. Taft* (1994), 71 Ohio St.3d 1, 3, 640 N.E.2d 1136, 1137-1138; *State ex rel. Ohio Mechanical Contracting Industry, Inc. v. Cleveland* (1992), 65 Ohio St.3d 1210, 605 N.E.2d 386; *State ex rel. Walker v. Bowling Green* (1994), 69 Ohio St.3d 391, 392, 632 N.E.2d 904, 905. Here, it is manifest that the true objects of relators' remaining claims are a declaratory judgment that certain provisions of Am.Sub.H.B. No. 283 are unconstitutional and a prohibitory injunction preventing state officials from applying those provisions.

{¶ 21} In addition, constitutional challenges to legislation are normally considered in an action originating in a court of common pleas rather than an extraordinary writ action filed here. See, *e.g., Simmons-Harris v. Goff* (1999), 86 Ohio St.3d 1, 711 N.E.2d 203 (challenge to School Voucher Program); *Hoover v. Franklin Cty. Bd. of Commrs.* (1985), 19 Ohio St.3d 1, 19 OBR 1, 482 N.E.2d 575. For example, we *sua sponte* dismissed a mandamus action challenging a newly enacted statute prohibiting certain municipalities from issuing speeding citations on interstate freeways as violative of the Uniformity Clause of the Ohio Constitution, by holding that "an action for declaratory judgment is here an adequate remedy at law." *State ex rel. Linndale v. Teske* (1995), 74 Ohio St.3d

1415, 655 N.E.2d 736.  Four years later, in a discretionary appeal involving the same municipality, we held that the statute was unconstitutional.  *Linndale v. State* (1999), 85 Ohio St.3d 52, 706 N.E.2d 1227.

{¶ 22} Moreover, this case does not involve a public right.  Rather, it simply encompasses the inner workings of the General Assembly; appropriate compliance with its own rules is a matter for the General Assembly to determine.  This case is thus distinguishable from *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

{¶ 23} Based on the foregoing, we apply the general rule prohibiting consideration of relators' remaining constitutional challenges to Am.Sub.H.B. No. 283 here.  *Youngstown, Governor,* and *Walker.*  We deem it both unsupportable and inadvisable to address the merits of relators' challenges that purport to invoke our constitutionally conferred original jurisdiction to consider the constitutionality of an enactment of the General Assembly in a proceeding, which is, in reality, nothing more than an action in declaratory judgment and prohibitory injunction.

{¶ 24} Therefore, even when construing the material factual allegations of relators' amended complaint most strongly in their favor, they cannot establish that they are entitled to the requested extraordinary relief.  Consequently, we grant respondents' motion and dismiss this cause.

Motion for Sanctions

{¶ 25} Respondents request sanctions against Timothy J. Grendell and Gerald W. Phillips, both relators and attorneys for the remaining relators.  Under S.Ct.Prac.R. XIV(5), "[i]f the Supreme Court, on motion or on its own initiative, determines that an appeal or other action is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose, on the person who signed the appeal or action, a represented party, or both, appropriate sanctions, *including an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction considered just*."

(Emphasis added.)

{¶ 26} Sanctions are warranted here. For the reasons previously discussed, this action is frivolous insofar as relators' counsel relied on the General Assembly's joint rules because the action is not reasonably well grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. S.Ct.Prac.R. XIV(5). Further, as respondents contend, harassment is the only apparent rationale for relators' attorneys to erroneously allege that Thomas's actions constitute the criminal offenses of retaliation, intimidation, and coercion. Finally, these same attorneys recently filed a meritless extraordinary writ case in which we emphasized their "unjustified delaying tactics" and "acts of gamesmanship." *State ex rel. The Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 113, 712 N.E.2d 696, 701.

{¶ 27} Therefore, we grant respondents' motion for sanctions against relators' attorneys, Timothy J. Grendell and Phillips, pursuant to S.Ct.Prac.R. XIV(5), and order respondents to submit a detailed bill and documentation of the expenses and approximate amount of compensation and fringe benefits, if any, of their counsel that have been or will be paid by the state in connection with the legal services rendered in defending against the frivolous claims raised by relators. Cf. R.C. 2323.51(A)(4)(a).

*Cause dismissed*

*and motion for sanctions granted.*

MOYER, C.J., F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK and PFEIFER, JJ., concur in part and dissent in part.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

_____

**PFEIFER, J., concurring in part and dissenting in part**.

{¶ 28} I concur because relators' claims do not rise to the necessary level to

merit the consideration of an extraordinary writ by this court. See *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 514-516, 715 N.E.2d 1062, 1111-1112 (Pfeifer, J., concurring). The alleged constitutional violations are not sweeping or systemic, and therefore do not prompt this court, in its role as the administrator of justice in this state, to act immediately. I therefore concur in part with the majority.

{¶ 29} I do not find, however, that relators' claims were frivolous. The amended complaint alleged numerous constitutional violations, including violations of the three-day rule contained in Section 15(C), Article II of the Ohio Constitution. The rule exists to inform citizens about the activity of the General Assembly and to afford citizens an opportunity to be heard. In awarding sanctions, I believe that the majority gives that rule and the single-subject rule short shrift. I would not have awarded sanctions, and accordingly dissent in part.

RESNICK, J., concurs in the foregoing opinion.

———————————

**LUNDBERG STRATTON, J., concurring in part and dissenting in part**.

{¶ 30} I concur in the majority's opinion, except that I would not award attorney fees in this matter.