JOURNAL ENTRY AND OPINION
{¶ 1} Relator, the Village of Walton Hills ("the village") brought this action in mandamus against three members of its six-member council (see R.C. 731.09) — Denny Linville, Don P. Kolograf and Madeline R. Timm. The village requests that *Page 3 
this court issue a writ of mandamus compelling respondents "jointly and severally to attend all meetings of the legislative authority of the Village of Walton Hills as required by law, to vote upon all legislation properly presented before said legislative authority and for costs * * *." Complaint, ad damnum clause. For the reasons stated below, we deny relator's motion for summary judgment and enter judgment for respondents.
 {¶ 2} The village does not have a fire department. In the spring of 2007, the village council began consideration of providing future fire and emergency services. The mayor of the village, Marlene B. Anielski, negotiated a proposal for the provision of fire and emergency services with the cities of Maple Heights and Bedford. The mayor presented the proposal to council in late August 2007. In October 2007, the Village of Oakwood presented a proposal. Ultimately, in December 2007, a resolution authorizing the mayor to enter into an agreement with Oakwood (Resolution No. 2007-66), was read at three council meetings. On December 21, 2007, council passed Resolution No. 2007-66 as an emergency measure by a vote of four to one.
 {¶ 3} In January 2008, a new member of council succeeded one of the members of the four-member majority which voted for Resolution No. 2007-66. As a result, council was evenly divided regarding the two proposals for fire and emergency services. Under R.C. 733.24, the mayor "shall be president of the legislative authority and shall preside at all regular and special meetings thereof, but *Page 4 
shall have not vote except in case of a tie." On January 1, 2008, the mayor introduced Resolution No. 2008-01 which would authorize her to enter into an agreement with Maple Heights and Bedford as well as repeal Resolution No. 2007-66. Also in January 2008, electors of the village presented a referendum petition to place Resolution No. 2007-66 on the November 2008 ballot. At the time of the filing of this action, respondents — who voted for Resolution No. 2007-66 — refused to attend council meetings.
 {¶ 4} The fundamental criteria for issuing a writ of mandamus are well-established. "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. ofEducation (1977), 52 Ohio St. 2d 81, 369 N.E.2d 1200." State ex rel.Harris v. Rhodes (1978), 54 Ohio St. 2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 5} In support of its argument that relief in mandamus is appropriate in this action, the village cites Babyak v. Alten (1958),106 Ohio App. 191, 154 N.E.2d 14, 6 O.O.2d 450 [Lorain County, Ninth District], citing State ex rel. Shinnich v. Green (1881),37 Ohio St. 227. In Babyak, all six members of the village council were present, but one did not vote on an ordinance. Three of the other members of the council voted in favor of the ordinance. Two voted against. The mayor voted in *Page 5 
favor and declared that the ordinance was adopted. Ultimately, the Ninth District held that, if a council member is present at a council meeting, "the legal effect of refusing to vote is an acquiescence in the action taken by the majority of those who do vote." Id. at 197.
 {¶ 6} The village also emphasizes that the Babyak court observed "[a] councilman is elected for the purpose of expressing an opinion. Action, and not inaction, is a duty that he assumes with the office." Id. That is, the village cites Babyak as authority for its assertion that respondents have a duty to attend the council meetings.
 {¶ 7} The holding in Babyak, however, pertains to the effect of a council member's refusal to vote when present at a council meeting. As a result, we are unable to conclude that Babyak stands for the principle that mandamus lies to compel council members to attend meetings.
 {¶ 8} Relator has, therefore, failed to provide this court with any controlling authority requiring relief in mandamus. "A writ of mandamus will not issue to a legislative body or its officers to require the performance of duties which are purely legislative in character and over which such legislative bodies have exclusive control." Wapakoneta v.Helpling (1939), 135 Ohio St. 98, 108, 19 N.E.2d 772, 13 O.O. 460, cited with approval in State ex rel. Grendell v. Davidson, 86 Ohio St.3d 629,633, 1999-Ohio-130, 716 N.E.2d 704. *Page 6 
 {¶ 9} In Wapakoneta, the council had passed an ordinance authorizing the submission of a proposed initiative petition to the electors regarding the construction of a municipal electric light and power plant. The electors adopted the ordinance. More than three years later, council "adopted an ordinance fixing the price at which the Central Ohio Light Power Company should furnish and deliver the electric energy requirements of the city of Wapakoneta for resale * * *." Id. at 100. On the same day, "the city council passed other ordinances repealing all the former legislation relating to the building of a municipal light plant * * *." Id.
 {¶ 10} The city solicitor brought an action in mandamus in the court of appeals against the mayor, the members of the city council, the director of public service and safety and the members of the building commission to compel the respondents to perform all acts necessary to complete the construction of the municipal light plant. The court of appeals determined, inter alia, that "that none of the respondents owes any duty, the performance of which might be compelled by mandamus that none of the respondents owes any duty, the performance of which might be compelled by mandamus * * *." Id. 102. The Supreme Court affirmed the judgment of the court of appeals.
 {¶ 11} We acknowledge that relator in this action is requesting that this court compel respondents to vote and not how to vote. Likewise, we recognize that the relator in Wapakoneta was requesting that the court of appeals grant relief in mandamus to compel the council members and other respondents to take specific *Page 7 
action. Nevertheless, the Supreme Court's opinion in Wapakoneta clearly articulates that mandamus is not appropriate to compel legislators to take legislative action.
 {¶ 12} In light of Wapakoneta and relator's failure to provide this court with any controlling authority establishing a clear legal right to relief or a clear legal duty on the part of respondents, we must deny relator's motion for summary judgment. We grant the motion to dismiss filed by respondent Timm and note that, in response to relator's motion for summary judgment, the parties extensively supported their positions with evidentiary material as well as briefed and argued the issues. Accordingly, although we deny relator's motion for summary judgment, we determine that the record is sufficient to enter judgment for respondents. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
 {¶ 13} Writ denied.
 SEAN C. GALLAGHER, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1