O’Donnell, J.,
dissenting.
{¶ 39} Respectfully, I dissent.
{¶ 40} The case does not present an issue of constitutional magnitude for interpretation but rather raises a political question for resolution by the political branches of government. As the lead opinion articulates, the question is “Did the Ohio Controlling Board violate R.C. 127.17?” Lead opinion at ¶ 4.
{¶ 41} R.C. 127.17 provides, “The controlling board shall take no action which does not carry out the legislative intent of the general assembly regarding program goals and levels of support of state agencies as expressed in the prevailing appropriation acts of the general assembly.” In my view, the court ought not to stray into the tangled policy questions at issue here, but rather, should dismiss the complaint.
{¶ 42} The role of the judiciary is to decide legal questions. This case, however, involves a political question concerning whether a legislative agency has acted contrary to policy goals of the General Assembly. “The nonjusticiability of a political question' is primarily a function of the separation of powers,” Baker v. Carr, 369 U.S. 186, 210, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), which excludes from judicial review the providence of policy choices and value judgments made by the political branches of government. It operates “to restrain the Judiciary from inappropriate interference in the business of the other branches of Government.” United States v. Munoz-Flores, 495 U.S. 385, 394, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990).
{¶ 43} Thus, as we explained in State ex rel. Grendell v. Davidson, 86 Ohio St.3d 629, 633, 716 N.E.2d 704 (1999), “A writ of mandamus will not issue to a legislative body or its officers to require the performance of duties that are purely legislative in character and over which such legislative bodies have exclusive control.” Citing Wapakoneta v. Helpling, 135 Ohio St. 98, 108, 19 N.E.2d 772 (1939). “The constitutional principle of separation of powers protects *65 the General Assembly from such infringement.” Id., citing State v. Hochhausler, 76 Ohio St.3d 455, 463, 668 N.E.2d 457 (1996).
{¶ 44} This court’s intervention is sought in a conflict that exists solely within the legislative branch, asking us to supervise its internal functioning and decision making and implicating the power of the General Assembly to oversee its own affairs in regulating a legislative arm of its own creation. These matters are not the subject of judicial cognizance.
{¶ 45} The General Assembly established the Controlling Board solely as a convenience, delegating to it authority to make the myriad adjustments to appropriations needed on a periodic basis. State ex rel. Ohio Funds Mgt. Bd. v. Walker, 55 Ohio St.3d 1, 2, 561 N.E.2d 927 (1990). But having created the Controlling Board, the legislature can abolish it, or regulate its decision making, or override its decisions by legislative action. As Justice Holmes explained in his separate opinion in State ex rel. Meshel v. Keip, 66 Ohio St.2d 379, 391, 423 N.E.2d 60 (1981) (Holmes, J., concurring in part and dissenting in part), “Clearly, if the General Assembly disapproved of the Controlling Board’s action, it could order the board to replace the funds in the account. The General Assembly has unlimited right to terminate, recall, or abridge the delegated power of the Controlling Board if it so desires.” Or, as Justice Paul Brown put it in his dissent in Meshel, “The General Assembly, as a body, clearly is empowered to reverse any decision of the Controlling Board. Thus, the instant case represents an unjustifiable attempt to circumvent the legislative process.” Id. at 396 (Brown, J., dissenting), citing Outagamie Cty. v. Smith, 38 Wis.2d 24, 37, 155 N.W.2d 639 (1968).
{¶ 46} Because it is a creature of statute, the Controlling Board is wholly accountable to the legislative branch of government. The Controlling Board is comprised of seven individuals: the director of budget and management or the director’s designate; the chair or vice-chair of the House Finance-Appropriations Committee, designated by the Speaker; the chair or vice-chair of the Senate Finance-Appropriations Committee, designated by the president; one member of the House each from the majority and the minority parties, designated by the Speaker; and one member of the Senate each from the majority and minority parties, designated by the president. R.C. 127.12. Thus, six members of the Controlling Board are directly answerable to the General Assembly, appointed by leadership in the House and the Senate.
{¶ 47} The facts as presented to our court reveal that Governor Kasich proposed to amend the state Medicaid plan to extend coverage to Group VIH individuals, but the General Assembly did not agree and interlineated “shall not” into that line item in the budget bill. The governor, exercising his constitutional prerogative to veto items in appropriations legislation, modified H.B. 59 to *66 authorize coverage of Group VIII, changing the legislature’s “shall not” to “may.” Because the General Assembly did not override the governor’s veto, H.B. 59, as modified by the governor, became law.
1851 Center for Constitutional Law and Maurice A. Thompson; and Callendar Law Group, L.L.C., and Christopher B. Burch, for relators.
Michael DeWine, Attorney General, and Eric E. Murphy, Ryan L. Richardson, and Charity S. Robl, Assistant Attorneys General, for respondents.
Thomas W. Connors, urging granting of the writs for amicus curiae American Policy Roundtable, d.b.a. Ohio Roundtable.
AARP Foundation Litigation and Iris Y. Gonzalez, urging denial of the writs for amicus curiae AARP.
Ohio Poverty Law Center, L.L.C., Douglas L. Rogers, and Eugene R. King, urging denial of the writs for amici curiae American Cancer Society Cancer Action Network, Community Legal Aid Services, Inc., Franklin County Public Defender, Legal Aid of Western Ohio, Legal Aid Society of Cleveland, Legal Aid Society of Columbus, Legal Aid Society of Southwest Ohio, L.L.C., National Association of Social Workers-Ohio, National Health Law Program, National Multiple Sclerosis Society Ohio Chapters, Ohio Association of Area Agencies on Aging, Ohio Federation of Teachers, Ohio Olmstead Task Force, Ohio Poverty Law Center, L.L.C., Ohio Voices for Children, Policy Matters Ohio, Southeastern Ohio Legal Services, Center for Community Solutions, Coalition on Homelessness and Housing in Ohio, Toledo Area Jobs with Justice & Interfaith Worker Justice Coalition, and Universal Health Care Action Network of Ohio.
{¶ 48} Notably, after the Medicaid director sought authorization from the Controlling Board for the expenditure of federal funds to expand Medicaid, but before the vote of the Controlling Board, two members of the board were replaced. As the Columbus Dispatch reported, “To help ensure the request got the needed votes, [Speaker] Batchelder replaced Rep. Cliff Rosenberger of Clarksville this morning with McGregor, a moderate, term-limited Republican who had said he would vote for the measure.” (http://www.dispatch.com/content/ stories/local/2013/10/21/Medicaid-expansion-vote.html).
{¶ 49} The General Assembly has both the incentive to protect its prerogatives and the institutional mechanisms to do so. This case involves an impermissible judicial foray into the province of the legislature and raises a political question that is not justiciable and which we ought not to answer. The complaint should be dismissed.
*67 Vorys, Sater, Seymour & Pease, L.L.P., G. Ross Bridgman, Sylvia A. Brown, and Suzanne J. Scrutton, urging denial of the writs for amici curiae Advocates for Ohio’s Future, Coalition for Healthy Communities, National Alliance on Mental Health, Ohio Association of County Behavioral Health Authorities, Ohio Council of Behavioral Health and Family Services Providers, and Ohio Provider Resource Association.
Carpenter Lipps & Leland, L.L.P., Jeffrey A. Lipps, Jonathan A. Allison, and Joel E. Sechler, urging denial of the writs for amici curiae Ohio National Guard Association, Clark County Sheriff Gene A. Kelly, Cincinnati Regional Chamber of Commerce, Columbus Chamber of Commerce, Philanthropy Ohio, Dayton Chamber of Commerce, Ohio Association of Community Health Centers, Ohio Association of Health Plans, Ohio Manufacturers Association, and Ohio Right to Life Society.
Bricker & Eckler, L.L.P., Michael K. Gire, Anna Marie Sferra, Michael L. Corey, and James J. Hughes; and Sean McGlone, urging denial of the writs for amici curiae Ohio Hospital Association, Ohio Osteopathic Association, and Ohio State Medical Association.
Disability Rights Ohio, Ohio Disability Rights Law and Policy Center, Inc., and Kerstin Sjoberg-Witt, urging denial of the writs for amici curiae Disability Rights Ohio, People First of Ohio, ARC of Ohio, and Ohio Empowerment Coalition.
Eric H. Kearney and Bethany E. Sanders, urging denial of the writs for amici curiae Members of the Ohio Senate Democratic Caucus.
Advocates for Basic Legal Equality, Inc., and W. David Koeninger, urging denial of the writs for amici curiae Advocates for Basic Legal Equality, Inc., and Toledo/Lucas County CareNet.