[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Ohio State Senate*, Slip Opinion No. 2022-Ohio-1912.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1912

THE STATE EX REL. JOHNSON ET AL. *v*. OHIO STATE SENATE ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Ohio State Senate*, Slip Opinion No. 2022-Ohio-1912.]**

*Mandamus—Writ sought to compel Ohio Senate and its members to uphold Article I, Section 21 of the Ohio Constitution—Relief sought in complaint is beyond this court's jurisdiction to grant—Motion to dismiss granted—Cause dismissed for lack of jurisdiction.*

(No. 2021-1313—Submitted January 25, 2022—Decided June 8, 2022.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original action, relators, Nathan C. Johnson, Tony Louis Deluke III, Shannon Paul Barrett, Julie Erin Boso, and Robert J. Becaj Jr., seek a writ of mandamus against the Ohio State Senate and its 33 members individually (collectively, "the Senate respondents"). The Senate respondents have filed a

motion to dismiss. For the reasons set forth below, we grant the motion and dismiss the complaint for lack of jurisdiction.

### Background

{¶ 2} Article I, Section 21(A) of the Ohio Constitution provides that "[n]o federal, state, or local law or rule shall compel, directly or indirectly, any person, employer, or health care provider to participate in a health care system." Relators allege that, beginning in March 2020 and continuing to the present, Ohioans have been subjected to ongoing violations of this constitutional provision. Specifically, citizens have been required to "wear alleged medical devices," provide DNA samples, have their temperatures taken, receive vaccinations, undergo contact tracing, and participate in the collection of health-care information.

{¶ 3} To remedy these alleged violations, relators ask this court to issue a writ of mandamus to compel the Senate respondents to uphold the Ohio Constitution—specifically Article I, Section 21. More specifically, relators ask for a writ compelling the Senate respondents to defend Article I, Section 21 "against any passage of legislation which may possibly conflate, obfuscate or otherwise subvert the clarity of rights conveyed by" Article I, Section 21. And finally, relators ask for a writ compelling the Senate respondents to order the Ohio Attorney General to halt the operation of any public or private entity that is participating in the alleged constitutional violations within the state of Ohio. Relators allege that the Senate respondents' duty to undertake these actions flows from their oaths of office to support and defend the Ohio Constitution.

{¶ 4} We have considered the Senate respondents' motion to dismiss and the arguments presented in relators' two memoranda in opposition, and we grant the motion.

### Analysis

{¶ 5} A writ of mandamus is an extraordinary remedy, "exercised by this court with caution and issued only when the right is clear." *State ex rel. Brown v.*

*Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 6} Relators' request for a writ to compel the Senate respondents to "defend" Article I, Section 21 can be read in two ways: as a request to compel the Senate respondents to enact legislation prohibiting the practices to which relators object or as a request to prohibit them from enacting legislation that would conflict with Article I, Section 21. Under either theory, we have no jurisdiction to grant the requested relief.

{¶ 7} "While Ohio, unlike other jurisdictions, does not have a constitutional provision specifying the concept of separation of powers, this doctrine is implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government." *S. Euclid v. Jemison*, 28 Ohio St.3d 157, 158-159, 503 N.E.2d 136 (1986). The legislative power of this state is vested in the General Assembly. Ohio Constitution, Article II, Section 1; *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 36. As such, the General Assembly has the power to enact, amend, and repeal statutes, Ohio Constitution, Article II, and "[t]his lawmaking prerogative cannot be delegated to or encroached upon by the other branches of government," *Toledo v. State*, 154 Ohio St.3d 41, 2018-Ohio-2358, 110 N.E.3d 1257, ¶ 26.

{¶ 8} "A writ of mandamus will not issue to a legislative body or its officers to require the performance of duties that are purely legislative in character and over which such legislative bodies have exclusive control." *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 633, 716 N.E.2d 704 (1999). In other words, we

have no jurisdiction to order the General Assembly to enact a specific piece of legislation. In *Grendell*, for example, the issue was whether this court could compel the inclusion of an airport-funding appropriation in the General Assembly's conference report. The relators argued that the appropriation had been approved by both chambers of the legislature and that the conference committee failed to follow the legislative rules when it deleted the provision. We denied the writ, holding that the separation-of-powers doctrine prohibited a court from directing the legislature to perform duties that were "purely legislative in character." *Id.* Likewise, in *Wapakoneta v. Helpling*, 135 Ohio St. 98, 19 N.E.2d 772 (1939), the relator sought a writ of mandamus to compel a municipal legislature to build a light and power plant. We denied the writ because the construction project would involve the performance of discretionary duties that were "purely legislative in character," involving "a responsibility and burden which is outside the scope of the judicial function." *Id.* at 108.

{¶ 9} Under the same theory, we also have no jurisdiction to preemptively order the General Assembly *not* to enact legislation "because the separation-of-powers doctrine precludes courts from enjoining the General Assembly from exercising its legislative power to enact laws." *Toledo* at ¶ 2.

{¶ 10} Judicial power is conferred upon the courts of Ohio by Article IV, Section 1 of the Ohio Constitution. " 'It is emphatically the province and duty of the judicial department to say what the law is.' " *Adams v. DeWine*, __ Ohio St.3d __, 2022-Ohio-89, __ N.E.3d __, quoting *Marbury v. Madison*, 5 U.S. 137, 177, 2 L.Ed. 60 (1803). But the courts cannot tell the legislature what the law *should be* or dictate how the General Assembly should carry out its constitutional responsibilities. "It is a fundamental principle of the separation of powers that 'the legislative branch [of government] is the "ultimate arbiter of public policy." ' " *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 165 Ohio St.3d 390, 2021-Ohio-2067, 179 N.E.3d 1169, ¶ 39, quoting *Urbino v. Johnson & Johnson*, 116

Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 21, quoting *State ex rel. Cincinnati Enquirer Div. of Gannett Satellite Information Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 21.

{¶ 11} For similar reasons, we may not order the General Assembly to compel the attorney general to perform his duties in a certain fashion. The attorney general is an independently elected executive-branch official. Ohio Constitution, Article III, Section 1; R.C. 109.01; *State ex rel. Doerfler v. Price*, 101 Ohio St. 50, 128 N.E. 173 (1920), paragraph 3 of the syllabus. We express no opinion as to the scope of the General Assembly's authority to control how the attorney general performs his duties, except to say that if the General Assembly were to impose restraints on an executive-branch official, it would have to do so through the passage of legislation. And the separation-of-powers doctrine precludes us from telling the General Assembly what legislation it should enact.

{¶ 12} In their memoranda opposing the motion to dismiss, relators suggest that dismissal is inappropriate because service had not yet been perfected on some of the Senate respondents. However, failure of service of process is an affirmative defense that may be waived if a defendant appears in the action without preserving the defense. *See Williams v. Gray Guy Group, L.L.C.*, 10th Dist. Franklin No. 16AP-321, 2016-Ohio-8499, ¶ 19 (citing cases). It follows, therefore, that a party may file a motion to dismiss without waiting to receive service of process. And contrary to the claim made in relators' two memoranda, the motion to dismiss was filed on behalf of all the respondents.

{¶ 13} The relief sought in this complaint is beyond our jurisdiction to grant. We therefore dismiss the complaint for lack of jurisdiction.

Motion granted
and cause dismissed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

BRUNNER, J., concurs in judgment only.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 14} Because relators, Nathan C. Johnson, Tony Louis Deluke III, Shannon Paul Barrett, Julie Erin Boso, and Robert J. Becaj Jr., are unable to prove any set of facts that would entitle them to the relief requested in their complaint, I agree with the majority that their mandamus action seeking to compel respondents, the Ohio Senate and its 33 members, to uphold and defend Article I, Section 21 of the Ohio Constitution must be dismissed. Consequently, although this case raises significant constitutional issues regarding the limits of state government that demand resolution, I concur in the judgment of the court, because I must. I write separately, however, because the majority confuses the exercise of subject-matter jurisdiction with the existence of it.

{¶ 15} Relators allege that the state government's response to the COVID-19 pandemic (imposing mask mandates, screening for infection, conducting contact tracing, and providing vaccinations, for example) violated Article I, Section 21(A) of the Ohio Constitution, which provides that "[n]o federal, state, or local law or rule shall compel, directly or indirectly, any person, employer, or health care provider to participate in a health care system." They seek a writ of mandamus directing respondents to defend this constitutional provision against future encroachments on Ohioans' liberty. Respondents have moved to dismiss the complaint.

{¶ 16} In deciding a motion to dismiss, we assume the truth of all factual allegations in the complaint and draw all reasonable inferences from them in favor of the relators. *State ex rel. Williams Ford Sales, Inc. v. Connor*, 72 Ohio St.3d 111, 113, 647 N.E.2d 804 (1995). We may dismiss for the failure to state a claim

6

upon which relief can be granted only if it appears beyond doubt that relators can prove no set of facts entitling them to relief. *Id.*

{¶ 17} "To be entitled to a writ of mandamus, a petitioner must establish a clear legal right to the requested relief, a clear legal duty on the part of a respondent to grant the relief, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Pennington v. Bivens*, 166 Ohio St.3d 241, 2021-Ohio-3134, 185 N.E.3d 41, ¶ 10.

{¶ 18} Respondents do not have a clear legal duty to grant the relief that relators request. As we recently explained in *Toledo v. State*, "[i]n framing the Ohio Constitution, the people of this state conferred on the General Assembly the legislative power. This lawmaking prerogative cannot be delegated to or encroached upon by the other branches of government." 154 Ohio St.3d 41, 2018-Ohio-2358, 110 N.E.3d 1257, ¶ 26. "The separation-of-powers doctrine therefore precludes the judiciary from asserting control over 'the performance of duties that are purely legislative in character and over which such legislative bodies have exclusive control.' " *Id.* at ¶ 27, quoting *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 633, 716 N.E.2d 704 (1999). Rather, "[c]ourts may intervene only after a legislative enactment has been passed and challenged in an action properly before it." *Id.* at ¶ 29.

{¶ 19} Although granting the relief that relators request would cross the boundary between the judicial and legislative branches, that does not mean this court lacks subject-matter jurisdiction over this action.

{¶ 20} We have recognized that the word "jurisdiction," set apart by itself, "is a vague term, ' "a word of many, too many, meanings." ' " *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 5, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), quoting *United States v. Vanness*, 85 F.3d 661, 663 (D.C.Cir.1996), fn. 2. It can include "[s]everal distinct concepts, including

territorial jurisdiction, monetary jurisdiction, personal jurisdiction, and subject-matter jurisdiction," *id*., as well as "jurisdiction over a particular case," *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 18. " 'The often unspecified use of this polysemic word can lead to confusion and has repeatedly required clarification as to which type of "jurisdiction" is applicable in various legal analyses.' " *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 20, quoting *Kuchta* at ¶ 18.

{¶ 21} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case," *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14, and " '[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case,' " *id*., quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id*. at ¶ 14, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23.

{¶ 22} On the other hand, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Kuchta* at ¶ 19. This reference to a court's exercise of its jurisdiction over a particular case "involves consideration of the rights of the parties," *id.*, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12. That is, " ' "[o]nce a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.' " ' " (Ellipses added in *Pizza*.) *Harper* at ¶ 26, quoting *Pratts* at ¶ 12, quoting *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384, 582 N.E.2d 992 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854).

**{¶ 23}** The Ohio Constitution establishes the subject-matter jurisdiction of this court and expressly provides that we have original jurisdiction over actions in quo warranto, habeas corpus, prohibition, procedendo, practice-of-law matters, and relevant here, mandamus. Article IV, Section 2(B)(1) of the Ohio Constitution. We therefore have original jurisdiction to review the complaint filed in this case.

**{¶ 24}** Nonetheless, the separation-of-powers doctrine is "the sacred maxim of free government," Madison, The Federalist No. 47 at 308 (Clinton Rossiter Ed.1961), and "the checks and balances that principle ensures are now deemed fundamental to our democratic form of government," *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 55. But until today, we have never held that the separation-of-powers doctrine should be considered when determining the subject-matter jurisdiction of courts, and the two cases that the majority cites in support of its holding—*Grendell* and *Wapakoneta v. Helpling*, 135 Ohio St. 98, 19 N.E.2d 772 (1939)—*say nothing to that effect*. In fact, in *Helpling*, the court reached the merits of the relator's claims, which would not have been appropriate if a jurisdictional bar had been applied.

**{¶ 25}** In any case, it is not necessary to decide whether the separation-of-powers doctrine, which is implicitly embedded within the framework of the Ohio Constitution, *see State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 42, deprives this court of subject-matter jurisdiction notwithstanding the express grant of original jurisdiction to review mandamus actions set forth in Article IV, Section 2(B)(1)(b). That question has not been presented and argued by the parties, and we have held that a court of appeals "should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue,' " (brackets sic) *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170, 522 N.E.2d 524 (1988). We should not be so quick to reach an unbriefed issue ourselves.

**{¶ 26}** For these reasons, I concur in the majority's judgment but not its opinion. And although I recognize the weighty constitutional questions that relators have raised, principles of judicial restraint preclude this court from answering them today.

_____

Nathan C. Johnson, pro se.

Tony Louis Deluke III, pro se.

Shannon Paul Barrett, pro se.

Julie Erin Boso, pro se.

Robert J. Becaj Jr., pro se.

Dave Yost, Attorney General, and Garrett M. Anderson and Bryan B. Lee, Assistant Attorneys General, for respondents.

_____